IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40978
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO GOMEZ-GUERRERO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-215-ALL
--------------------
October 29, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Mario Gomez-Guerrero appeals the 84-month sentence imposed by the district court following his conviction on a plea of guilty to a charge of illegal reentry to the United States following deportation. Gomez-Guerrero contends that he was denied due process because the Government knew that he was in state custody and did not indict him at the earliest possible time. Gomez-Guerrero asserts that the district court erred by denying him a downward departure based on his due process claim.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gomez-Guerrero cannot establish a due process violation because he has not alleged that the pre-indictment delay was intentionally undertaken by the Government to gain "some tactical advantage . . . in the contemplated prosecution or for some other impermissible, bad faith purpose." United States v. Crouch, 84 F.3d 1497, 1514 (5th Cir. 1996) (en banc). Further, we may not review the district court's refusal to grant a downward departure because the record does not indicate that the district court believed that it lacked the authority under the Sentencing Guidelines to downwardly depart. United States v. Wilson, 249 F.3d 366, 380 (5th Cir. 2001). Accordingly, the judgment of the district court is AFFIRMED.